2006 ND 41

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Ronald Rudolph ERNST, Defendant and Appellant.**

**No. 20050395.**

Supreme Court of North Dakota.

Feb. 23, 2006.

Trent W. Mahler (on brief), Assistant State's Attorney, Courthouse, Fargo, ND, for plaintiff and appellee.

Ronald R. Ernst (on brief), pro se, Bismarck, ND, defendant and appellant.

KAPSNER, Justice.

[¶ 1] Ronald R. Ernst appeals from an order denying his motion to reverse his conviction. We affirm.

[¶ 2] Ernst pled guilty to indecent exposure and was sentenced to twelve months in prison. While in prison, Ernst filed grievances and verbal complaints with the State Penitentiary about female prison guards watching him shower naked. He then filed a motion in the district court claiming that the State should be "estopped from complaining of my conduct when they authorize and condone peeping tomettes [female prison guards]." The State requested the motion be denied because it presented no new evidence and because Ernst had previously filed numerous post-conviction relief actions. The court interpreted Ernst's motion as an attempt to withdraw his guilty plea and found Ernst failed to show the withdrawal of his guilty plea was necessary to prevent a manifest injustice. On appeal, Ernst argues the writ of audita querela supports a reversal of his conviction. The State argues the court did not abuse its discretion in denying Ernst's motion and that the writ of audita querela is not applicable to this case.

[¶ 3] Black's Law Dictionary defines audita querela as a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." Black's Law Dictionary 141 (8th ed.2004). Literally, audita querela means "the complaint having been heard." *Id.* In civil cases, the writ of audita querela has been abolished by N.D.R.Civ.P. 60(b). As early as 1768, William Blackstone noted that the ancient common law writ of audita querela was "quite out of practice" and was "rendered useless." William Blackstone, 3 Commentaries *405–06. In a limited number of criminal and immigration cases in the federal courts, the writ of audita querela is available provided a defendant can show "a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and is

not redressable pursuant to another post-conviction remedy." 7 Am.Jur.2d *Audita Querela* § 4 (1997); *see also* Gregory G. Sarno, Annotation, *Availability and Appropriateness of Audita Querela Relief in Connection with Immigration and Naturalization Proceedings,* 105 A.L.R. Fed. 880 (1991). Post-conviction relief in this state is governed by the Uniform Post-Conviction Procedure Act. *See* N.D.C.C. ch. 29–32.1. Correction or reduction of sentence is governed by N.D.R.Crim.P. 35.

[¶ 4] Ernst has not provided a legal objection to his conviction or sentence. Ernst's complaint regarding female prison guards watching him shower does not support his position. *See Timm v. Gunter,* 917 F.2d 1093, 1102 (8th Cir.1990), *cert. denied,* 501 U.S. 1209, 111 S.Ct. 2807, 115 L.Ed.2d 979 (1991) (concluding that opposite-sex surveillance of male inmates is constitutionally permissible because minimal intrusions on prisoner's privacy were outweighed by institutional concerns for safety and equal employment opportunity). Ernst cites *Ejelonu v. INS,* 355 F.3d 539, 547 (6th Cir.2004) for the proposition that an equitable reason to vacate a judgment is sufficient for the issuance of a writ of audita querela. *Ejelonu v. INS* has since been vacated by *Ejelonu v. INS,* No. 01–3928, 2004 U.S.App. LEXIS 15581 (6th Cir. July 27, 2004); *see also Deleon v. Gonazales,* No. 05–1469, 2005 U.S. Dist. LEXIS 12060, at *8–10 (E.D.Pa. May 16, 2005) (acknowledging the *Ejelonu* decision, but expressing doubt that the writ of audita querela could be based upon purely equitable circumstances).

[¶ 5] Ernst has not established any basis for relief under our post-conviction relief statute or under N.D.R.Crim.P. 35.

[¶ 6] We affirm.

[¶ 7] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.